

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

February 27, 1948

FAGAN DICKSON
FIRST ASSISTANT

Hon. Alfred M. Clyde
District Attorney
Tarrant County
Fort Worth, Texas

Opinion No. V-512

Re: Compensation of County
Judge of Tarrant Coun-
ty.

Dear Sir:

Your request for an opinion from this office on the above subject matter is as follows:

"A question concerning the salary of the County Judge of this county has been presented by the County Auditor for determination. The facts are as follows:

"Art. 3912e-1 as amended by the 49th Legislature Acts 1945, provides in part:

"'The County Judge of such counties shall each receive a salary of $7400.00 per annum in lieu of all other compensation now provided by law.'

"At the time of the passage of that amendment the County Judge of this county received a salary of $6500.00 per year and an additional $900.00 per year under Art. 5142b, Sec's 2 and 15, which provide: Sec. 2:

"'The Juvenile Board of such counties shall be composed of the Judges of the several District and Criminal District Courts thereof together with the County Judge thereof.'

"Sec. 15 of the same act provides:

"'The members composing said juvenile board in such counties, on account of the additional duties hereby imposed on them are each hereby allowed an addition-

al compensation of $75.00 per month to be paid by the Commissioners' Court in such counties, and the same to be in addition to all compensation now allowed by law to such officers.'

"Art. 5142b was enacted by the 45th Legislature in 1937.

"From January 1, 1946, to date the County Judge of this County has been paid on the basis of $7400.00 per year with no additional compensation.

"The 50th Legislature in Art. 3883g with reference to counties of 145,000 to 250,000, in which bracket this county falls, provided in Sec. 2 of that Act:

"'The County Judge, Sheriff, District Attorney, or Criminal District attorney, as the case may be, the District Clerk, County Clerk, and Assessor and Collector of Taxes shall receive a salary of not less than $7400.00 per annum from the officers' salary fund in such counties.'

"The County Judge here, proceeding under that act, applied for an increase of $1000.00 per annum effective January 1, 1948. Such increase was disapproved by the Commissioners' Court. Now the County Judge is asking that he be paid the $75.00 per month as provided in 5142b set out above. In explanation, the present County Judge was the holder of that office at the time of the amendment to Art. 3912e-1.

"It is the opinion of this office that the 49th Legislature amended Art. 3912e-1 with the intention that the County Judge in counties of 225,000 to 500,000 should receive as total compensation $7400.00 per year and expressly provided that to avoid the payment of the compensation as called for in Art. 5142b for members of the Juvenile Board.

It is also our opinion that Art. 3883g placed a minimum on the salaries to be paid certain county officials and if an additional compensation were to be paid it would only be through the consent and authority of the Commissioners' Court and such payment would be discretionary with them. Therefore, it is our opinion that the County Judge of Tarrant County is receiving at this time the maximum salary authorized by law until such time as the Commissioners' Court by proper order authorizes the payment of an additional sum.

"I would appreciate the opinion of your office on the above subject and until such time as I receive an opinion from you, I am sending a copy of this opinion to our County Auditor for his guidance. Thanking you in advance and with kindest personal regards, I remain."

Section 15 of Article 5142b, V. C. S., was held unconstitutional by Attorney General's Opinion No. O-3777, a copy of which is enclosed. Therefore, it is unnecessary for this office to determine the applicability of this section to the question presented in your inquiry.

Article 3912e-1, V. C. S., (applicable to counties having a population of 225,000 or more and less than 500,000 inhabitants according to the last preceding Federal Census) was amended by H. B. 241, Acts of the 49th Legislature, 1945, and provided that the County Judge of such counties should receive a salary of $7400.00 per annum. H. B. 241 was then amended by the same Legislature by H. B. 849. However, it contained a similar provision with reference to the County Judge's salary. We quote the following provision from H. B. 849:

"The County Judge of such counties shall each receive a salary of Seventy-four Hundred Dollars ($7400) per annum in lieu of all other compensation now provided by law."

In 1947, the Legislature passed H. B. 631 (Art-

icle 3883g, V. C. S.) which provides as follows:

"Section 1.   The provisions of this Act shall apply to and control in each county in this State having a population of not less than one hundred and forty-five thousand (145,000) and not more than two hundred and fifty thousand (250,000) inhabitants, according to the last preceding Federal census.

"Sec. 2.   The County Judge, Sheriff, District Attorney, or Criminal District Attorney, as the case may be, District Clerk, County Clerk, and Assessor and Collector of Taxes shall receive a salary of not less than Seven Thousand, Four Hundred Dollars ($7,400) per annum from the Officers Salary Fund, in such counties.

"Sec. 3.   The Commissioners Court is hereby authorized, when in its judgment the financial condition of the county and the needs of the Deputies, Assistants and Clerks of any District, County or Precinct Officer justify the increase, to enter an order increasing the compensation of such Deputy, Assistant or Clerk in an additional amount not to exceed twenty per cent (20%) of the sum allowed under the law for the fiscal year of 1946.

"Sec. 4.   The Commissioners Courts of each county affected by this Act shall amend the budget to provide sufficient funds to pay additional compensation.

"Sec. 5.   This Act is not intended and shall not be considered or construed as repealing any law or laws now on the Statute books except those in conflict herewith, and to the extent of the conflict only, but in other respects shall be construed as being cumulative law."

It is noted by the provisions of Section 5 of the above Act, the Legislature intended this Act to be

cumulative of other laws on the same subject.  Insofar as H. B. 631, Acts of the 50th Legislature, is applicable to the salary of the County Judge of Tarrant County, it is not in conflict with Article 3912e-1 and therefore, does not repeal or amend this Article in this respect.

Therefore, it is our opinion that the County Judge of Tarrant County is subject to the provisions of Article 3912e-1 and that he is only entitled to a salary of $7400.00 per annum.

## SUMMARY

The salary of the County Judge of Tarrant County is governed by the provisions of Article 3912e-1, V. C. S., as amended by H. B. 849, Acts of the 49th Legislature, and the County Judge is only entitled to $7400.00 per annum.  Articles 3883g, 3912e-1, V. C. S.; Opinion No. O-3777.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By  *John Reeves*
    John Reeves
    Assistant

JR:mw
Encl.

APPROVED:

*Fagan Dickson*
FIRST ASSISTANT
ATTORNEY GENERAL